**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Case No. 07-cv-02073-LTB

TRACY HESSER,

      Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.
_____

**ORDER**
_____

This Social Security Disability appeal is before me on Defendant's Motion to Alter or Amend Order under FED. R. CIV. P. 59(e) [**Docket # 18**], Plaintiff's Response [**Docket # 20**], and Defendant's Reply [**Docket # 21**]. Oral argument would not materially assist the determination of this motion. After consideration of the motion, the papers, and the case file, and for the reasons stated below, I DENY Defendant's Motion to Alter or Amend Order under FED. R. CIV. P. 59(e) [**Docket # 18**].

## I. BACKGROUND

This case concerns an application for Social Security Disability benefits. Plaintiff claims she is disabled due to injuries to her back and shoulder including multiple herniated discs, injuries to her knees and legs, and respiratory problems. Plaintiff's alleged onset date is September 1, 2005, the last date she worked full time. Following an October 20, 2006, hearing, Administrative Law Judge Jon Lawritson issued an unfavorable decision on January 25, 2007. Plaintiff appealed from that decision and this Court reversed and remanded on July 7, 2008

[**Docket # 16**]. On remand, Defendant was instructed to reconsider Plaintiff's disability prior to March 14, 2008, and to award disability benefits beginning March 14, 2008—Plaintiff's 50th birthday. Defendant now moves the Court to amend the July 7, 2008, Order, such that the instructions on remand concerning the award of benefits beginning March 14, 2008, be stricken.

## II.  STANDARD OF REVIEW

Defendant files this motion under FED. R. CIV. P. 59(e). The purpose of a Rule 59(e) motion "is to correct manifest errors of law or to present newly discovered evidence." *Committee for First Amendment v. Campbell,* 962 F.2d 1517, 1523 (10th Cir. 1992). Such a motion may be granted when there is an intervening change in controlling law, when new evidence becomes available, or when there is a need to correct clear error or prevent manifest injustice. *Mantle Ranches Inc., v. U.S. Park Service,* 950 F. Supp. 299, 300 (D. Colo. 1997). A Rule 59(e) motion is appropriate where "the court has patently misunderstood a party, has made a decision outside the adversarial issues presented, has made a mistake not of reasoning but of apprehension or there has been a significant change or development in the law or facts since submission of the issues to the court." *Gregg v. Am. Quasar Petroleum Inc.,* 840 F. Supp. 1394, 1401 (D. Colo. 1991).

## III.  ANALYSIS

Defendant presents no argument that there has been a change in law or that new evidence is available. Accordingly, to obtain the relief it seeks, Defendant must show clear error or manifest injustice in the July 7, 2008, Order. *See Mantle Ranches*, *supra*, 950 F. Supp. at 300.

Defendant asserts the award of benefits beginning March 14, 2008, was error because the determination of Plaintiff's residual functional capacity was a factual finding that should have been made by the ALJ in the first instance. Defendant, however, "acknowledges the Court has the authority to reverse the final decision of the Commissioner, [but] submits that, in this case, the Court should not use that authority." Accordingly, Defendant does not argue the Court went beyond its discretion, but merely desires such discretion be applied to achieve a different outcome. This is an insufficient basis upon which to grant relief under Rule 59(e). *See Gregg*, *supra*, 840 F. Supp. at 1401 (holding Rule 59(e) relief is appropriate only where the Court has made an error "not of reasoning but of apprehension").

## IV. CONCLUSION

Accordingly, Defendant's Motion to Alter or Amend Order under FED. R. CIV. P. 59(e) [**Docket # 18**] is DENIED.


Dated: August  29 , 2008.

                                              BY THE COURT:

                                                s/Lewis T. Babcock  
                                              LEWIS T. BABCOCK, JUDGE